FAULKNER, Justice.
This is an appeal from a summary judgment holding that § 48-50 of the General *135 City Code of Birmingham is invalid. We affirm.
Scott is the owner of all lands abutting a public alley located within the city limits of Birmingham. This alley was created by the recording of a map dedicating it to public use. On September 17, 1976, Scott filed an application with the City Engineer to vacate the alley. Subsequently, the Subdivision Planning Committee of the Birmingham Planning Commission recommended vacation of the alley to the City Council.
When Scott filed its application, § 48-50 of the City Code read as follows:
“The assent of the city council to the vacation of any street or public way or portion thereof shall not be given or granted unless and until the applicant for such assent shall have paid to the city an amount equal to the reasonable market value of the land to be freed from public servitude.”
After the property was appraised by the City, Scott’s counsel was advised by the City Engineer that he would take appropriate steps to place the matter before the Council upon receipt of $9,000. Scott declined to pay, and filed suit. Pending the suit, the City Council amended § 48-50 of the City Code:
“Upon any application to the city council for its assent to the vacation of any street, public way or portion thereof, the city council shall be apprised of the fair market value of the land comprising such street, public way or portion thereof proposed to be vacated, and shall before assenting thereto without payment to the City of the fair market value of such land, consider whether it is in the public interest to divest the public of all of its rights and interest in said land without such payment to the City.”
Scott’s application for vacation was presented to the Council without an offer or tender of the fair market value of the land. On February 22, 1977, the Council voted against approving the resolution assenting to the vacation of the alley.
Section 32, Tit. 56, Code of Ala., 1940, is the statutory authority given to a municipality by the Legislature to vacate a street or alley. Even though the statute provides that the City Council must give its assent to vacate a street or alley, there is no specific or implied authority in the statute that permits a city to require payment of the fair market value of the land to be vacated, before giving its assent. The amended ordinance does not correct the invalidity of the original. Assent in the amendment without payment is determined on whether the City considers it is in the public interest to vacate. The amendment seeks to do indirectly that which it cannot do directly. It is as invalid as the original ordinance, because the City does not have any legislative authority to charge or consider whether to charge an abutting owner, a price for giving its assent to vacate a street or alley.
We affirm the trial court in holding the ordinance to be invalid.
AFFIRMED.
TORBERT, C. J., and ALMON, EMBRY and BEATTY, JJ., concur.